**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES**, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 2:19-CR-20 |
| v. | : | |
| | : | JUDGE SARAH D. MORRISON |
| **KEVEANTE SMOOT**, | : | |
| | : | |
| Defendant. | : | |

## <u>OPINION & ORDER</u>

Defendant Keveante Smoot is charged with knowingly possessing a firearm and ammunition that affected commerce while being a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). His trial is scheduled to begin on March 23, 2020.

In anticipation of his trial date, he now moves to exclude "evidence regarding the characteristics of the ballistics evidence as it pertains to the likelihood that it was fired from the SCCY 9mm firearm Mr. Smoot was alleged to have possessed" on the basis that such evidence is irrelevant under Fed. R. Evid. 401 and unduly prejudicial under Fed. R. Evid. 403. (ECF No. 73). The Government responds that such evidence is directly relevant to the issue of whether Defendant possessed a firearm and ammunition affecting interstate commerce as a convicted felon. (ECF No. 74). The Government additionally argues that any potential prejudice does not substantially outweigh the evidence's probative value. *Id*.

Federal R. Evid. 402 establishes that irrelevant evidence is not admissible. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Government will present the testimony of Mr. Kelby Ducat, the lab technician who performed the ballistics analysis, at trial. The analysis does not confirm that the bullet recovered from one of the minor victims came from the specific SCCY 9mm gun that Defendant is alleged to have possessed. Nevertheless, the Government states that his testimony will indicate that the bullet was shot from a SCCY 9 mm pistol.

Defendant argues Mr. Ducat's testimony on this point is irrelevant because it does not "further the Government's proof with regard to evidence of Mr. Smoot's possession of [the] particular firearm [at issue] in any way." (ECF No. 73 at 4.) The Government responds that the highlighted ballistics testimony is relevant because it goes towards the element of possession. This is so because the Government will introduce testimony establishing that: (1) the recovered gun was the only SCCY 9mm gun recovered in connection to the underlying shootout; (2) the recovered bullet contains "the unique, righ-7 rifling imprint" of a SCCY 9mm gun; (3) the recovered gun has Defendant's DNA on its trigger; and (4) the Defendant made numerous statements admitting that he shot a gun at the shootout. (ECF No. 74 at 2-3.) Under these described circumstances, the Court concludes that the ballistics testimony is relevant.

Defendant's argument as to undue prejudice is entirely negated by the Government's opposition. That is, Defendant maintains that the ballistics testimony is unduly prejudicial because it is predicated on the bullet that came from a minor gunshot victim. But the Government agrees to present the bullet as "a piece of ammunition fired at the scene, and

thereafter recovered an analyzed." (ECF No. 74 at 4.) The Court finds this phraseology sufficient to remove any potential undue prejudice.

For the reasons stated above, Defendant's Motion *in Limine to Exclude Ballistics Evidence Pursuant to Fed. R. Evid. 401 and 403* (ECF No. 73) is **DENIED**.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**