**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES**, | : |
| Plaintiff, | : |
| | : Case No. 2:19-CR-20 |
| v. | : |
| | : **JUDGE SARAH D. MORRISON** |
| **KEVENANTE SMOOT**, | : |
| Defendant. | : |

## OPINION & ORDER

Defendant Kevenante Smoot's Motion to Reconsider Order of Detention (ECF Nos. 72, 76, 79) and the Government's Opposition thereto (ECF No. 78) are presently before the Court for consideration.

In sum, Mr. Smoot wants to be released from pre-trial detention to electronic home confinement with GPS monitoring because his son is experiencing behavioral issues and some of his friends and family members have passed away since his incarceration. (ECF No. 76.) As the Government correctly points out, both Magistrate Judge Vascura and Judge Watson previously considered Mr. Smoot's arguments regarding his family when determining that no combination of conditions would assure the safety of the community. (ECF Nos. 9, 10, 24, 53). For certain, Judge Watson held a hearing and took testimony from Mr. Smoot's family before issuing his decision denying Mr. Smoot's Motion for Release. *See* March 28, 2019 hearing transcript.

"The statute governing detention determinations clearly limits the circumstances in which a judicial officer has discretion to consider reopening a detention hearing." *United States v. Jerdine*, No. 1:08 CR 00481, 2009 U.S. Dist. LEXIS 117919, at *6-7 (N.D. Ohio Dec. 18, 2009). In particular, the Bail Reform Act provides that a detention hearing:

> may be reopened, before or after a determination by the judicial officer, at
> any time before trial if the judicial officer finds that information exists that

> was not known to the movant at the time of the hearing and that has a
> material bearing on the issue whether there are conditions of release that
> will reasonably assure the appearance of such person as required and the
> safety of any other person and the community.

18 U.S.C. § 3142(f)(2)(B). Hence, § 3142(f) permits the reopening of a pretrial detention hearing only because of new information material to the risk of flight that was unknown to the movant at the time of the hearing and that has a material bearing on the community safety analysis. "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *United States v. Jerdine*, No. 1:08 CR 00481, 2009 U.S. Dist. LEXIS 117919, at *6-8 (N.D. Ohio Dec. 18, 2009) (citing *United States v. Rodriguez-Adorno*, 606 F.Supp. 2d 232, 239 (D.P.R. 2009)). The statutory provision authorizing the reopening of a detention hearing is strictly interpreted such that "hearings should not be reopened if the evidence proffered was available at the time of the hearing." *Jerdine*, 2009 U.S. Dist. LEXIS 117919, *8 (citing cases).

The circumstances Mr. Smoot describes as the basis for his current motion are not unexpected given his imprisonment. They are the opposite. Because Mr. Smoot presents no new material information, his Motion to Reconsider Order of Detention (ECF No. 76) is **DENIED**.

**IT IS SO ORDERED**.

<u>/s/ Sarah D. Morrison</u>
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**