**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES**, | : |
| Plaintiff, | : |
| | : Case No. 2:19-CR-20 |
| v. | : |
| | : **JUDGE SARAH D. MORRISON** |
| **KEVEANTE SMOOT**, | : |
| Defendant. | : |

**OPINION & ORDER**

Defendant Keveante Smoot's third motion to reconsider order of detention, this time captioned as "Emergency Motion for Reconsideration and Supplemental [sic] Information Regarding Release due to COVID-19 Global Pandemic" (ECF No. 81), and the Government's noted opposition thereto, are presently before the Court for consideration. The Court determines that the motion is suitable for a decision without a hearing.

I.     **BACKGROUND**

On December 20, 2018, the Government filed a criminal complaint against Defendant, alleging that there was probable cause to believe that Defendant was a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) Upon a finding of probable cause, Magistrate Judge Vascura issued an arrest warrant the same day. (ECF No. 2.) Defendant was arrested and had his initial appearance before Magistrate Judge Vascura on December 21, 2018, at which time he was temporarily detained pending the detention hearing. (ECF Nos. 3, 6.) On December 28, 2018, Magistrate Judge Vascura held a detention hearing and ordered Defendant detained pending trial. ECF No. 10. Specifically, she found "by clear and convincing evidence that no condition or combination of conditions of release w[ould] reasonably assure the safety of

1

any other person and the community" and "by a preponderance of evidence that no condition or combination of conditions of release w[ould] reasonably assure the defendant's appearance as required." (ECF No. 16.) The reasons for the detention included: the weight of evidence against Defendant was strong; he was subject to a lengthy period of incarceration if convicted; his lengthy prior criminal history; his history of violence or use of weapons; his history of alcohol or substance abuse; his lack of stable employment; his jack of stable residence; a prior failure to appear in court as ordered; and prior violations of probation, parole, or supervised release. *Id*. at 2-3.

A grand jury indicted Defendant on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). (ECF No. 13.) Magistrate Judge Vascura held a Preliminary Hearing on January 4, 2019, and found probable cause existed for the indictment. (ECF No. 11.) Thereafter, Defendant moved for review of the Magistrate Judge's detention order. (ECF No. 16.) The Court conducted a hearing and denied Defendant's motion, ruling that "the Government ha[d] satisfied its burden to show by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community." (ECF No. 24 at 3.)

The July 9, 2019 Superseding Indictment charges Defendant with being a felon in possession of a handgun in violation of 18 U.S.C. § 922(g)(1) and a felon in possession of ammunition in violation of 18 U.S.C. § 924(a). (ECF No. 31). The Superseding Indictment further asserts a forfeiture count for those items. *Id*.

Defendant's March 11, 2020 Motion for Reconsideration of Release Conditions asked for release from pre-trial detention to home confinement at his mother's residence with GPS monitoring due to his son's behavioral issues and deaths of family and friends. (ECF No. 76). The

2

Government opposed. (ECF No. 78) The Court denied the motion on March 24, 2020 (ECF No. 80) and the instant motion (ECF No. 81) followed just two days later.

Trial is now scheduled for April 13, 2020. (ECF No. 77.)

## II. ANALYSIS

In sum, Mr. Smoot wants to be released from pre-trial detention to electronic home confinement with GPS monitoring at his mother's residence because of coronavirus and his resultant inability to communicate with counsel. He cites to 18 U.S.C. § 3145(b), which permits review of detention orders issued by Magistrate Judges, and to 18 U.S.C. § 3142(i) of the Bail Reform Act in support. Section 3142(i) provides:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for *preparation of the person's defense or for another compelling reason*.

(Emphasis added). Mr. Smoot bears the burden of establishing circumstances warranting temporary release under § 3142(i). *United States v. Henry Clark*, No. 19-40068-01-HLT, 2020 U.S. Dist. LEXIS 51390, at *4 (D. Kan. Mar. 25, 2020). He fails to do so.

Defendant argues that his inmate status, and the claimed unsanitary conditions present at his current facility, render him at a higher risk for contracting COVID-19. As such, he argues, compelling reasons exist justifying his release under § 3142(i). In this regard:

> The court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents. But, in that context, a defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation. Rather, the court must make an individualized determination as to whether COVID-19 concerns present such a compelling reason in a particular case that temporary release is necessary under § 3142(i). In making that

> determination, the [Court] will evaluate at least the following factors:
> > (1) the original grounds for the defendant's pretrial detention,
> > (2) the specificity of the defendant's stated COVID-19 concerns,
> > (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and
> > (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.
>
> The court will not necessarily weigh these factors equally, but will consider them as a whole to help guide the court's determination as to whether a "compelling reason" exists such that temporary release is "necessary." § 3142(i).

*Id.* at 9. The Court finds this guidance instructive and will therefore embark on the highlighted analysis.

- *Original grounds for detention*. This aspect incorporates the Court's previous findings that Defendant is a flight risk and a risk of harm to others. The Court's April 2019 order states "[Mr. Smoot] has a lengthy criminal history despite his age, including criminal convictions for crimes such as possession of a controlled substance, robbery, burglary, and OVI. He has used a firearm in connection with some of the aforementioned crimes. The record further indicates that [Mr. Smoot] has failed to appear at a previous court hearing." (ECF No. 24 at 6.) The Court has also noted that his past crimes have increased in severity. This factor leans against release.

- *Specificity of Defendant's stated COVID-19 concerns*. The mere possibility of an outbreak at his facility does not equate to a compelling enough reason to justify his release. *See United States v. Hamilton*, No. 19-CR-54-01 (NGG), 2020 U.S. Dist. LEXIS 49095, at *5 (E.D.N.Y. Mar. 20, 2020) (denying temporary release to inmate of advanced age and with dementia on COVID-19 grounds). Defendant does not claim that any inmate at his facility has been affirmatively diagnosed with COVID-19.

In addition, Defendant intones that he may be at increased risk because of his previous purported bouts with bronchitis and other respiratory ailments. (ECF No. 81 at 10.) However, Defendant's motion only indicates that he informed his counsel of those conditions. (ECF No. 81.) The motion does not specify when. Nor does his instant filing assert that those alleged conditions, to the extent that they remain, are not being properly managed by his current facility.

Defendant also argues his inability to access counsel to prepare for trial is another compelling reason justifying release. But no defendant housed in an Ohio jail may access counsel at this time. And, the Court can take any attorney access issues into account when considering the trial date. Furthermore, this case previously proceeded to jury trial date, only to be continued at Defendant's request for plea discussions. (ECF Nos. 39, 65). This indicates that significant trial preparation has already taken place. The Court finds this consideration weighs against release.

- *Effect of release plan on Defendant*. Defendant provides no details as to how he will arrive at his mother's home. Additionally, "he offers no evidence to explain how living with his mother mitigates the risk of infection. For example, he does not explain who else has or will live in or frequent the home or identify any screening practices or concrete COVID-19 precautions being taken there." *Clark*, 2020 U.S. Dist. LEXIS 51390, at *20 (D. Kan. Mar. 25, 2020). Similarly, Governor DeWine's stay-at-home order is not being criminally enforced and Defendant's possible home confinement does not prevent others from visiting his mother's residence. Those facts exacerbate Defendant's COVID-19 risks were he to be released. In contrast, access to jails is both extremely limited and strictly enforced. That serves to minimize Defendant's COVID-19 exposure. This factor thus cuts against release.

- *Effect of release plan on the public*. Again, Defendant offers only that he could stay at his mother's house. "A defendant who is unable to comply with conditions of release poses potential risks to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *Clark*, 2020 U.S. Dist. LEXIS 51390, at *21-22.

Two Judges of his Court have ordered Defendant detained because he is a risk of flight, a danger to the community, or both. Additionally, the undersigned just recently declined to release Defendant to his mother's home. Most importantly, however, Defendant's extensive criminal history establishes that he has "been unable or unwilling to remain law-abiding for most of his adult life;" hence, the Court "has no reason to believe that he would suddenly become compliant now." *Clark*, 2020 U.S. Dist. LEXIS 51390, at *21-22. The fourth and final factor favors continued detainment.

### III.  CONCLUSION

The Court concludes that Defendant "has not established compelling reasons sufficient to persuade the court that temporary release is necessary." *Id*. at *24. Defendant's "Emergency Motion for Reconsideration and Supplemental [sic] Information Regarding Release due to COVID-19 Global Pandemic" is **DENIED**. (ECF No. 81).

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**