IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES**, : | |
| : | |
| Plaintiff, : | |
| : | Case No. 2:19-CR-20 |
| v. : | |
| : | **JUDGE SARAH D. MORRISON** |
| **KEVEANTE SMOOT**, : | |
| : | |
| Defendant. : | |

**OPINION & ORDER**

Before the Court is Defendant Keveante Smoot's fourth request to reconsider the Court's order of detention and second request to reconsider due to COVID-19. (ECF No. 85). The Government continues to oppose Defendant's Motion.

The facts underlying Defendant's pending criminal case, relevant background information, procedural history up to this point, and legal standard for detention have been thoroughly examined in several Opinions by this Court. (ECF Nos. 24, 80, 82). It is not necessary to rehash them here.

According to Defendant, two factors have changed since his March 26 Motion that warrant release: (1) Mr. Smoot's previously voiced fears regarding contracting coronavirus are no longer speculative; and (2) Mr. Smoot has laid out a more detailed plan about his proposed release to his mother's residence. Neither argument changes the Court's previous analyses, justifying Defendant's release.

Defendant asserts that since his last Motion, five inmates have tested positive for COVID-19 at the correctional facility where he is being held. While the Court acknowledges that the "increased risk of obtaining Coronavirus in a jail setting is a relevant consideration[,]" *United*

1

*States v. Ross*, No 15-CR-76-JED, 2020 WL 1486055, at *3 (N.D. Okla. Mar. 27, 2020), "[t]he mere presence of the virus, even in a detention setting, does not automatically translate to the release of a person accused." *United States v. Andrewsh*, No. 5-19-mj-0087, 2020 WL 1904473, at *6 (M.D. Penn. Apr. 17, 2020); *United States v. Williams*, No. PWG-19-8, 2020 WL 1643662, at *2 (D. Md. Apr. 2, 2020) (denying the defendant's request for release where at least five inmates tested positive for coronavirus and the defendant suffered from allergies and asthma). "[T]he Court cannot accept [the] argument that *any* risk of contracting the coronavirus while incarcerated warrants temporary release." *United States v. Wilburn*, No. 1:18-cr-115, 2020 WL 1899146, at *6 (W.D. Penn. Apr. 17, 2020) (emphasis in original). Defendant also asserts that "[h]e is at the mercy of the correctional facility to provide the appropriate protective equipment, see to all of his sanitary needs and keep him at all times separate [from] other individuals by six feet," (Motion, 6, ECF No. 85), but has not set forth any evidence that Jackson Pike is unprepared to contain the virus or care for those who have become infected. *See United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *6 (D. Kan. Mar. 25, 2020).

Defendant provides that if he were to be released, he would be living at his mother's house, where his 18-year old sister and his 17-year old cousin also reside. According to Mr. Smoot, his mother and sister continue to leave the house for work at essential jobs. Notably, his sister works at a nursing home. While he asserts that they are provided with protective equipment and take the necessary precautions to clean and sanitize upon arriving home, the Court is not convinced that this proposed plan for release decreases Defendant's possible exposure to COVID-19. Moreover, if Defendant has in fact been exposed to coronavirus at Jackson Pike, the Court is putting Defendant's family's health at risk, and those they interact with on a daily basis at their places of employment—including elderly nursing home patients—by granting

Defendant's request. *See Andrewsh*, 2020 WL 1904473, at *5 (denying the request based in part because defendant's proposed release plan would increase the risk of COVID-19 to members of the households to which he would be released and the surrounding community).

Finally, the information Defendant has provided regarding his proposed plan for release does nothing to negate the Court's concern regarding Defendant's risk of flight, danger to the community, or both. "While the location monitoring that [Defendant] proposes may offer useful information about where he is, it provides little useful information about what he is doing[.]" *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *4 (D. Md. Mar. 17, 2020). As previously stated, Defendant's extensive criminal history establishes that he has "been unable or unwilling to remain law-abiding for most of his adult life" and the Court "has no reason to believe that he would suddenly become compliant now." (Opinion and Order, 6, ECF No. 82) (quoting *Clark*, 2020 WL 1446895, at *7)). Again, "[a] defendant who is unable to comply with conditions of release poses potential risks to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *Clark*, 2020 WL 1446895, at *7.

Defendant's Second Emergency Motion for Reconsideration Regarding Release Due to COVID-19 is **DENIED**. (ECF No. 85).

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**