IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KEVEANTE DESHAWN SMOOT,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CIVIL CASE NO. 2:20-CV-3703**
**CRIM. CASE NO. 2:19-CR-00020**
**JUDGE SARAH D. MORRISON**
**Chief Magistrate Judge Sarah D. Morrison**

**ORDER and**
**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner, has filed a Motion to Vacate under 28 U.S.C. § 2255.  This matter is before the Court on its own motion to consider the sufficiency of the case pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.  For the reasons that follow, it is **RECOMMENDED** that the motion to vacate (ECF Nos. 103, 108, 117) be **DISMISSED.**

Petitioner's motions to appoint counsel (ECF Nos. 106, 112) and Motion to Release [Due] to COVID-19 and Bias and Racism (ECF No. 105) are **DENIED**.

### I.    BACKGROUND

On June 9, 2020, Petitioner pleaded guilty pursuant to the terms of his Plea Agreement to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF Nos. 87, 96.)  The Court imposed a term of 41 months' imprisonment to be followed by three years of supervised release.  (*Judgment*, ECF No. 98.)  Under the terms of his Plea Agreement, Petitioner waived the right to appeal except as to a claim of ineffective assistance or prosecutorial misconduct.  (ECF No. 87, PAGEID # 458-59.)  He also waived his right to attack his conviction or sentence collaterally, including by way of a motion under 28 U.S.C. § 2255. (*Id*.)  Nevertheless, on July 22, 2020, Petitioner filed this Motion to Vacate under 28 U.S.C. §

2255. (ECF NO. 103.) On August 28, 2020, Petitioner re-submitted his claims on the form for filing a Motion under 28 U.S.C. § 2255. (ECF No. 117.) Petitioner asserts that he has been unconstitutionally charged on unsigned paperwork, without DNA evidence, and that his property has been illegally seized (claim one); that he was denied his right to a speedy trial (claim two); that he was denied release on reasonable bond in violation of the Eighth Amendment (claim three); and that the Court lacked jurisdiction and he was convicted on the basis of racism and bias (claim four). Petitioner filed a Motion to Release [Due] to COVID-19 and Bias and Racism, again generally alleging that his convictions result from bias and racism, in violation of the Eighth Amendment. (ECF No. 105.) None of these claims provide a basis for relief.

## II. REQUEST FOR THE APPOINTMENT OF COUNSEL

The Court will first address Petitioner's request for the appointment of counsel. The United States Supreme Court has held that a prisoners' post-conviction right to counsel extends only to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions and we decline to so hold today."). Habeas proceedings are considered to be civil in nature, and a Movant has no constitutional right to counsel in habeas corpus proceedings. *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Rather, "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2) and § 3006A(a)(2)(B). "The decision to appoint counsel for a federal habeas Movant is within the discretion of the court and is required only where the interests of justice or due process so

require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (citations omitted). The appointment of counsel is mandatory only where the record indicates that an evidentiary hearing is required to resolve a Movant's claims. *See* Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts. In assessing whether to exercise its discretion in appointing counsel on a Movant's behalf, the Court should consider "the legal and factual complexity of the case, the Movant's ability to investigate and present his claims, and any other relevant factors." *Matthews v. Jones*, No. 5:13-cv-1850, 2015 WL 545752, at *3 (N.D. Ohio Jan. 22, 2015) (citations omitted). "Where the issues involved can be properly resolved on the basis of the . . . record, a district court does not abuse its discretion in denying a request for court-appointed counsel." *Poulton v. Warden, Ross Corr. Inst.*, No. 2:15-CV-02352, 2018 WL 527286, at * 6 (S.D. Ohio Jan. 24, 2018) (citations omitted).

Here, the record does not reflect that an evidentiary hearing will be required to resolve Petitioner's claims or that the case is so unduly complex that the interests of justice or due process require the appointment of counsel. Accordingly, Petitioner's requests for the appointment of counsel (ECF Nos. 106, 112) are **DENIED**.

### III.  WAIVER

Petitioner has waived the claims he now presents both by his explicit agreement not to pursue an appeal or collaterally attack his convictions and by the entry of his guilty plea.

**A. Plea Agreement**

Petitioner waived his right to appeal or to pursue collateral relief under the terms of his negotiated Plea Agreement, except as to claims of prosecutorial misconduct or ineffective assistance of counsel. He also preserved his right to challenge a sentence imposed exceeding the statutory maximum. (*Plea Agreement*, ECF No. 87, PAGEID # 458-59.) None of these

3

exceptions apply here. Further, such appeal-waiver provisions will be enforced where made knowingly and voluntarily. *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012) (citing *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001)). Petitioner does not allege that his guilty plea was not knowing and voluntary. Thus, because Petitioner "waive[ed] his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement[.]" *United States v. Mizori*, 604 F. App'x 413, 417 (6th Cir. 2015) (citation omitted); *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003) ("When a [d]efendant waives his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement[.]") (citation omitted).

**B. Guilty Plea**

Moreover, Petitioner waived his claims relating to the sufficiency of the evidence and acts that occurred prior to the entry of his guilty plea by virtue of his admission of guilt. *See Wallace v. United States*, -- F.Supp.3d --, --, 2020 WL 2194002, at *4 (6th Cir. 2020) (citing *United States v. Manni,* 810 F.2d 80, 84 (6th Cir. 1987) ("an attack on the sufficiency of the evidence that might have been produced at trial [is] clearly waived by [a] defendant's guilty plea."). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *United States v. Stiger*, 20 F. App'x 307, 309 (6th Cir. 2001) (citing *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992)).

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann [v. Richardson*, 397 U.S. at 771].

4

*Tollett v. Henderson*, 411 U.S. at 267.

### IV.    MERITS

Petitioner's claims additionally fail to set forth a basis for relief.

28 U.S.C. § 2255(a) provides:

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To obtain relief under 28 U.S.C. § 2255, a prisoner must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

Petitioner's claim that he was denied release on reasonable bond does not affect his conviction or sentence. Consequently, it does not provide him a basis for relief under the provisions of 28 U.S.C. § 2255. Similarly, Petitioner's generalized allegation that his convictions unconstitutionally resulted from bias and racism, and that he has been unconstitutionally incarcerated due to COVID-19, are subject to dismissal under Rule 2(c) of the Rules Governing Section 2255 Proceedings, which requires that a petitioner must state the facts in support of each of his grounds for relief. Petitioner does not meet this standard. Even liberally construing Petitioner's pleadings, this Court is unable to discern the basis for this claim. "A motion under § 2255 must consist of something more than legal conclusions unsupported by

factual allegations." *Robinson v. United States*, 582 F. Supp. 2d 919, 925 (N.D. Ohio July 23, 2008) (citing *Short v. United States*, 504 F.2d 63 (6th Cir. 1974)).

## V.     DISPOSITION

Accordingly, it is **RECOMMENDED** that the Motion to Vacate under 28 U.S.C. § 2255 (ECF Nos. 103, 108, 117) be **DISMISSED**.

Petitioner's motions to appoint counsel (ECF Nos. 106, 112) and Motion to Release [Due] to COVID-19 and Bias and Racism (ECF No. 105) are **DENIED**.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

    *s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**CHIEF UNITED STATES MAGISTRATE JUDGE**