# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES**, : | |
| : | |
| Plaintiff, : | |
| : | Case No. 2:19-CR-20 |
| v. : | |
| : | JUDGE SARAH D. MORRISON |
| **KEVEANTE SMOOT**, : | |
| : | |
| Defendant. : | |

## OPINION & ORDER

This matter is before the Court for consideration of Defendant's Motions for Compassionate Release (ECF Nos. 109, 111, 118) and the Government's Response in Opposition (ECF No. 125.) The motions are ripe for consideration.

### I.     BACKGROUND

On June 9, 2020, Mr. Smoot plead guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 98.) He was sentenced to 41 months in prison followed by a three-year term of supervised release. *Id.* He has served almost half of his sentence in Butler County Jail, where he remains incarcerated. The Bureau of Prisons ("BOP") has been unable to transport prisoners from state jails to federal prisons due to COVID-19.

Mr. Smoot now seeks release to home confinement with GPS monitoring due to claimed mental health issues, generalized COVID-19 fears and asserted family needs.[1] (ECF Nos. 109, 111, 118, 121.) The Government argues that Mr. Smoot is neither eligible nor suitable for release. (ECF No. 125.)

---

[1] Mr. Smoot previously sought pre-trial release four times for substantially the same reasons. The Court denied each request. (ECF Nos. 24, 80, 82, 86.)

1

## II. ANALYSIS

Mr. Smoot moves for release under 18 U.S.C. § 3582(c)(1)(A), which allows for compassionate release in appropriate circumstances. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). But requests for compassionate release may not freely be made. Where, as here, the BOP does not move for an inmate's release, a defendant may only file a motion for compassionate release after having "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or after receiving no response from the warden to the inmate's request for release within thirty days, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

While this administrative exhaustion requirement is not jurisdictional, it is a mandatory claim-processing rule by which this Court must abide. *Alam*, 960 F.3d at 833. "If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must 'fully exhaust[] all administrative rights to appeal' with the prison or wait 30 days after his first request to the prison." *Id.* at 833–34 (alteration in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). There are no judge-made exceptions in the statute, and there is nothing to indicate that the Government has waived or forfeited its right to raise the exhaustion requirement. *See id.* at 834. To the contrary, the Government objects to Mr. Smoot's release due to his failure to take the necessary administrative steps.

Mr. Smoot asserts that it is impossible for him to complete administrative exhaustion because he remains in the Butler County Jail, and not in BOP custody, due to COVID-19 protocols. (ECF No. 121.) Mr. Smoot thus cites to *United States v. Binraymond*, No. 2:19-cr-196, 2020 U.S. Dist. LEXIS 78447, at *1-2 (S.D. Ohio May 4, 2020) (Graham, J.), to argue that the

Court should ignore the exhaustion requirement due to impossibility. Therein, Mr. Binraymond moved for compassionate release under § 3582(c)(1)(A) even though he had not previously exhausted his administrative remedies. Nevertheless, Judge Graham proceeded to address the substance of Mr. Binraymond's motion because:

> The government acknowledges that defendant remains at a local detention facility and that the BOP will not act upon requests for compassionate release from inmates who are not yet in BOP custody. Based on these circumstances, the government agrees that defendant's request is properly before the court on the merits.

*Id*. at *2.

In this instance, however, the government does not so yield. This makes *Binraymond* inapplicable. Additionally, the government correctly contends that the Sixth Circuit has since made clear that the exhaustion requirement is not excusable "'to account for irreparable harm or futility' in cases involving Covid-19." *United States v. Brummett*, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (quoting *Alam*, 960 F.3d at 834-35). As such, Mr. Smoot's "request[] that [the Court] innovate an equitable exception to [the exhaustion] requirement to account for irreparable harm or futility" via his motions for compassionate release are **DENIED** as "the norm is to follow a mandatory rule unless the statutory exceptions apply" and he argues no such exceptions. *Alam*, 960 F.3d at 835.

In reaching this determination, the Court remains sympathetic to Mr. Smoot's claimed but predominantly undocumented mental health issues. As the government points out, he is able to secure any necessary prescription medication at the Butler County Jail.

### III. CONCLUSION

For the forgoing reasons, Mr. Smoot's Motions for Compassionate Release (ECF Nos. 109, 111, 118) are **DENIED**.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**
