IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVANTE DESHAWN SMOOT,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:20-CV-3703
CRIM. NO. 2:19-CR-00020
JUDGE SARAH D. MORRISON
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a Motion to Dismiss for Lack of Jurisdiction pursuant to 28 U.S.C. § 2241 and Motion for a Certificate of Appealability.  (ECF No. 152.) This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges. The Court conducts an initial review of habeas corpus petitions filed under the provision of 28 U.S.C. § 2241. 28 U.S.C. § 2243; *see Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  This matter is before the Court on its own motion under Rule 4(b) of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 proceedings under Rule 1(b) of the Rules Governing Section 2254 Cases.  *See Kapenekas v. Snyder-Norris*, No. 0:16-CV-47-HRW, 2016 WL 3840521, at **1 (E.D. Ky. July 12, 2016). For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED** and that the Motion for a Certificate of Appealability be **DENIED**.

## I. FACTS AND PROCEDURAL HISTORY

On June 9, 2020, Petitioner pleaded guilty under the provision of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure to possession of a firearm by a felon, in violation of 18

U.S.C. § 922(g)(1). In accordance with the terms of the Plea Agreement, the Court imposed a term of 41 months' imprisonment to be followed by three years of supervised release. (*Judgment*, ECF No. 98.) Petitioner did not file an appeal. On July 22, 2020, he filed a Motion to Vacate under 28 U.S.C. § 2255, asserting that he had been unconstitutionally charged on unsigned paperwork, without DNA evidence, and that his property had been illegally seized; that he had been denied his right to a speedy trial; that he was denied release on reasonable bond in violation of the Eighth Amendment; and that the Court lacked jurisdiction and Petitioner was convicted on the basis of racism and bias. (ECF No. 103.) On October 14, 2020, Judgment was entered dismissing that action. (ECF No. 128.) On February 1, 2021, Petitioner filed a Motion to Amend, asserting that he was denied due process when his suppression motion was denied; he was jailed before DNA testing was completed; his emails were seized without a warrant or subpoena; he was denied a speedy trial; and he was denied the effective assistance of counsel. (ECF No. 142.) On February 8, 2021, the Court denied the Motion to Amend for lack of jurisdiction. (ECF No. 143.) On May 4, 2021, the United States Court of Appeals for the Sixth Circuit vacated that Order with instructions to dismiss the Motion to Amend for lack of jurisdiction, construed Petitioner's application for a certificate of appealability as a motion for authorization to file a second or successive motion to vacate, and denied that motion. (ECF No. 149.)

      Having been foreclosed from review under 28 U.S.C. § 2255, Petitioner now has filed this Motion to Dismiss for Lack of Jurisdiction under the provision of 28 U.S.C. § 2241. Petitioner now asserts that the Indictment failed to charge an offense under the laws of the United States (claim one); that the Court lacked subject matter jurisdiction (claim two); and that he was convicted on a statute that violates the Tenth Amendment (claim three).

## II. ANALYSIS

A petition for a writ of habeas corpus under § 2241 must be filed in the district court having jurisdiction over the Petitioner's custodian. *See Robinson v. Morrison*, 27 F. App'x 557 (6th Cir. 2001) (citing *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999)). This Court is not that jurisdiction. Petitioner is detained at USP Big Sandy in Inez, Kentucky. Thus, this action is subject to dismissal on that basis alone.

Further, Petitioner's claims are not of the "rare kind" that may be properly brought in an action under § 2241. *See Trammell v. Barnhart*, No. 6:18-CV-192-CHB, 2018 WL 3732673, at *2 (E.D. Ky. Aug. 6, 2018) (citing *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012)). Typically, a § 2241 petition may only be used to challenge actions by prison officials that affect the manner in which a prisoner's sentence is being carried out, for example, the computation of sentencing credits or determination of parole eligibility. *See Hinkson v. Gomez*, No. 18-104-DLB, 2018 WL 3489234, at *2 (E.D. Ky. July 19, 2018) (citing *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009)). When a federal prisoner wishes to challenge the legality of his conviction or sentence, he must file a motion under § 2255. *Id*. (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). "The 'savings clause' of § 2255(e) provides a narrow exception to this general rule." *Yates v. Snyder-Norris*, 164 F.Supp.3d 953, 960 (E.D. Ky. 2016). It provides as follows:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  Thus, a prisoner may obtain relief under § 2241 if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  *Coles v. United States*, 177 F.Supp.2d 710, 712 (N.D. Ohio Nov. 30, 2001) (citing *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)).  But "[a] prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate."  *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002) (citing *Peterman*, 249 F.3d at 461).  "In other words, prisoners cannot use a habeas petition under § 2241 as yet another 'bite at the apple.'"  *Hinkson,* 2018 WL 3489234, at *3 (citing *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001)).  "Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is 'actually innocent' of the underlying offense by showing that, after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute."  *Alcorn v. Warden, Fed. Med. Ctr. Lexington*, No. 5:18-455-JMH, 2018 WL 3676866, at *2 (E.D. Ky. Aug. 2, 2018) (citing *Wooten v. Cauley*, 677 F.3d at 307-08 (citing *Peterman*, 249 F.3d at 461-62); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255.").  Also, the Supreme Court's "newly announced interpretation" must be retroactively applicable to cases on collateral review.  *Id*. (citing *Wooten*, 677 F.3d at 308).

> In *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme

> Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that—as a matter of statutory interpretation—a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. Hill, 836 F.3d at 599-600.

*Orozco v. Quintana*, No. 5:16-465-KKC, 2018 WL 297584, at *2 (E.D. Ky. Jan. 4, 2018).

Petitioner does not meet these requirements here. His claims must be brought under § 2255.

"When a petitioner seeks § 2241 relief under the savings clause, the district court should rule on the habeas petition, rather than transfer the case to the appellate court as an application to file a successive motion to vacate." *Scott v. Merlak*, No. 4:17-CV-296, 2019 WL 2250885, at *4 (N.D. Ohio Apr. 16, 2019) (citing *Truss v. Davis*, 115 F. App'x 772, 774 (6th Cir. 2004) (citing *Gray-Bey v. United States*, 209 F.3d 986, 990 (7th Cir. 2000)). *See also Busch v. Quintana*, 2021 WL 3085311, at *4 (E.D. Ky. July 21, 2021) (dismissing § 2241 for lack of subject-matter jurisdiction because the petitioner failed to show that § 2255 was inadequate or ineffective to test his sentence) (citing *Taylor v. Owens*, 990 F.3d 493 (6th Cir. 2021); *Johnson v. Merlak*, No. 4:17-cv-63, 2017 WL 11621311 (N.D. Ohio Apr. 5, 2017) (denying § 2241 motion that is actually a successive § 2255 motion filed in the wrong court).

### III. RECOMMENDED DISPOSITION

Accordingly, it is **RECOMMENDED** that the Motion to Dismiss for Lack of Jurisdiction under 28 U.S.C. § 2241 (ECF No. 152) be **DISMISSED**.

The Undersigned is not persuaded that reasonable jurists would debate the dismissal of this action. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S.

880, 893, n.4 (1983)).  It therefore is further **RECOMMENDED** that the Motion for a Certificate of Appealability also be **DENIED.**

    **IT IS SO ORDERED.**

*s/ Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE
